**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**JUDITH L. WIERCIOCH,**

    Plaintiff,

v.                                                                             Case No.  8:11-cv-2129-T-30EAJ

**VERIZON FLORIDA, LLC,**

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Bill of Costs (Dkt. 26), Defendant's Memorandum of Law In Support of Its Bill of Costs (Dkt. 27), and Declaration of Sacha Dyson (Dkt. 28).  The Court notes that Plaintiff failed to file any response or objection to Defendant's proposed costs and the time for doing so has passed.  Upon consideration of Defendant's Bill of Costs, Memorandum, Declaration, and invoices, the Court concludes the proposed costs should be granted in part and denied in part.

## STANDARD FOR AWARDING COSTS

Under Federal Rule of Civil Procedure 54(d)(1), costs "should be allowed to the prevailing party" unless "a federal statute, [the rules of Federal Civil Procedure], or a court order provides otherwise."  Defendant prevailed in this case and is entitled to recover the costs enumerated under 28 U.S.C. § 1920.  Under section 1920, a judge or clerk of any court of the United States may tax as costs the following: (1) fees of the clerk and marshal; (2) fees

for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of title 28; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of title 28.  *See generally, Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-42, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987), *superseded on other grounds by* 42 U.S.C. § 1988(c) (finding that 28 U.S.C. § 1920 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a federal court may tax as a cost under the discretionary authority granted in Rule 54(d)).  Absent explicit statutory or contractual authorization, the Court is limited to those costs specifically enumerated in § 1920.  *See Crawford Fitting Co.*, 482 U.S. at 445.

## DISCUSSION

Defendant requests costs in the total amount of $4,341.25.  As set forth above, Plaintiff did not file any objection to these costs.  The Court concludes that the majority of Defendants' costs are permissible under section 1920.

Fees of the clerk and marshal include filing fees and are clearly taxable.  28 U.S.C. § 1920(1); *EEOC v. W & O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000).  On September 9, 2011, Verizon removed this case from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.  Verizon seeks costs in the amount of $350.00 for the filing fee incurred in removing this case to federal court.  Because this cost is unquestionably

covered by § 1920, the Court will award costs to Verizon in the amount of $350.00 for the removal filing fee.

Verizon seeks $2,730.10 for the transcript of Plaintiff Wiercioch because it was "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Wiercioch's deposition was clearly required for Verizon's motion for summary judgment. Therefore, the Court will award costs to Verizon in the amount of $2,730.10 for the transcript of Wiercioch.

Fees for making "copies of any materials where the copies are necessarily obtained for use in the case" are recoverable costs. 28 U.S.C. § 1920(4). Verizon seeks copying costs for the courtesy copies furnished to chambers ($134.00), discovery requests to Plaintiff ($8.00), third party subpoenas ($6.60), Plaintiff's medical records from Dr. Charles D. Devine ($18.00), Plaintiff's medical records from Brandon Family Medical ($215.95), and copies to Dr. Eric M. Kaplan of Plaintiff's medical records and deposition transcript ($178.60). The above-listed copies were necessarily obtained for use in defending the case, particularly because Plaintiff sought compensatory damages for emotional pain and suffering and she had taken FMLA leave. As such, the Court will award costs to Verizon in the amount of $561.15 for copying fees.

Verizon requests mediation costs in the amount of $700.00 based on the Court's order referring the case to mediation. Specifically, Verizon points to the Court's language that "upon motion of the prevailing party, [the mediator's fee] may be taxed as costs in the instant action." *See* Dkt. 12. However, the law is clear that costs associated with mediation are not recoverable under § 1920. *See, e.g., Hawkins v. Condo. Owners Ass'n of Sand Cay, Inc.*,

2012 WL 4761357, at *5 (M.D. Fla. Oct. 5, 2012). The Court recognizes the confusion created by this language and will not include it in future orders referring cases to mediation. Because the Court is limited to costs allowable under § 1920, the Court will not award costs associated with mediation.

In sum, the Court awards Verizon costs in the total amount of $3,641.25.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Bill of Costs (Dkt. 26) is granted in part.

2. The Clerk is directed to enter a Bill of Costs against Plaintiff and in favor of Defendant in the amount of $3,641.25 for taxable costs.

**DONE** and **ORDERED** in Tampa, Florida on April 9, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2011\11-cv-2129.costs.frm